IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
STATE OF OKLAHOMA

FILED
MAY 15 2023
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

GROVE BIBLE BAPTIST CHURCH, )
A Not for Profit Corporation Church, )
    Plaintiff, )
     )
vs. ) Case No. CJ-23-95
     )
BROTHERHOOD MUTUAL, )
A Foreign Insurance Company, )
    Defendant. ) ATTORNEY LIEN CLAIMED

## PETITION

**COMES NOW** the Plaintiff, GROVE BIBLE BAPTIST CHURCH, a Not for Profit Corporation Church, by and through its attorneys of record, Amber Peckio Garret of AMBER LAW GROUP, and for its cause of action against the Defendant, BROTHERHOOD MUTUAL, allege and state as follows:

1. That the Plaintiff is Domestic Not for Profit Corporation- Church in the City of Grove, Delaware County, State of Oklahoma. That the Defendant, Brotherhood Mutual ("Brotherhood"), is a foreign insurance company doing business in the State of Oklahoma. That the events giving rise to this action occurred in Rogers County, Oklahoma, thus making jurisdiction of this Court just and proper.

## COUNT I
## BREACH OF CONTRACT

2. Plaintiff alleges that on May 15, 2022, the Plaintiff's main church building, its youth building and a classroom suffered extensive storm damage.

3. The Plaintiff's buildings are covered by an insurance policy issued by the Defendant Brotherhood. That said policy of insurance included coverage for damages caused by wind and hail damage for which the buildings limits were $ with a $6,644.00 deductible, policy number 462446. Further, that said policy was in effect and covers damages sustained by the Plaintiff's structures on May 14, 2022.

4. On or about May 14, 2022, Plaintiff's buildings and roofs were damaged by a hailstorm that hit Grove, Oklahoma, however, the damage to its buildings was not discovered until August 6, 2022. Plaintiff promptly notified Defendant Brotherhood of the claim on August 6, 2022.

5. On August 9, 2022, Brotherhood then sent Michael Petrilla of Team One Adjusting Services, LLC to the Plaintiff's premises to conduct an inspection with a total estimated repair cost of $17,324.48

6. On August 20, 2022, Plaintiff retained Casey McGuire with Insurance Claim Specialist to assess the damage to its buildings. Mr. McGuire compiled a multiple-page assessment of his inspection. This report included numerous pictures of obvious hail damage throughout multiple locations on the Plaintiff's buildings. After his inspection, Mr. McGuire determined that as a result of the wind/hail damage on the above listed dates, Plaintiffs suffered a "total loss" of the main church building and its other buildings with his estimated replacement cost of $127,996.73.

7. On August 26, 2022, Mr. McGuire sent a demand to the Defendant on behalf of the Plaintiff to Defendant Brotherhood with his estimated replacement cost.

8. On August 27, 2022 and in response to Plaintiff's demand, Defendant Brotherhood requested that Plaintiff submit a sworn statement of loss pursuant to the Plaintiff's policy.

9. On January 9, 2023, Defendant hired Chris Hickman, an inspector with HAAG Global, to assess the hail damage to its buildings After his inspection, Mr. Hickman determined that Plaintiff's buildings was not damaged as result of the wind/hail damage on the above listed dates, but rather normal wear and tear.

10. On March 7, 2023 based upon their engineer's report, Brotherhood denied any additional payments under Plaintiffs' claim finding that Defendant Brotherhood were not in agreement with the scope of price. Defendant further maintained that the majority of the buildings' damage was the result of regular wear and tear and not hail or storm damage. The report did not mention the HVAC units.

12. Plaintiff has requested that Defendant Brotherhood make a settlement offer under said policy, and Defendant Brotherhood has failed to make a reasonable offer and payment in connection with said policy. Plaintiff has performed all conditions precedent under the policy.

13. That the Defendant Brotherhood has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of its structural and roof damages. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgment against Defendant Brotherhood in the amount of $75,000.00 for the property damage they sustained while covered by such contract, together with attorney's fees and costs.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

14. The Plaintiffs adopt and reallege the allegations of Count One, Paragraphs 1 through 13, as if they were fully rewritten and fully set forth herein.

15. In its handling of Plaintiff's claims, and as a matter of standard business practice in handling like claims under the same or similar polices of insurance, Brotherhood further breached its duty to deal fairly and act in good faith towards Plaintiff by, among other things,

   a. failing to timely and properly investigate Plaintiff's claim(s);
   b. relying on a report containing false or inaccurate information;
   c. failing to properly investigate the claims and/or obtain and consider additional information important to the refusal to replace Plaintiffs' roof;
   d. forcing Plaintiff to incur the expense of replacing the subject roof when Brotherhood knew or should have known that the information upon which it was relying was inaccurate and/or incomplete;
   e. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim(s) once Brotherhood was provided additional information;
   f. withholding payments due under the policy thereby implying that further adjustments on the claim(s) would be made;
   g. forcing Plaintiff to pursue further action in order to secure benefits Brotherhood knew or should have known are payable;
   h. failing to properly evaluate any investigation that was performed; and
   i. failing to reasonably interpret information made available with a view toward affording coverage in favor of the insureds.

16. While not necessarily inclusive, any and or all of the described acts or omissions by Brotherhood constitute a violation of the covenant of good faith and fair dealing and result in a financial benefit to Brotherhood.

17. In refusing to make the payment described, the Defendant Brotherhood breached its obligation to pay the amount due under the policy as stated above within a reasonable amount of time after having received notice of the loss described above.

18. That Defendant Brotherhood failed to deal fairly with the Plaintiff by refusing to review a highly detailed report by Chris Hickman, a HAAG certified inspector, outlining the hail damage to Plaintiff's properties.

19. That Defendant Brotherhood further failed to properly investigate the claims and/or obtain and consider additional information important to the refusal to replace Plaintiff's roofs by dismissing the second report by HAAG Engineering which also found hail damage that affected the integrity of the roof and HVAC.

20. As a proximate result of the bad faith of the Defendant Brotherhood described above, the Plaintiff was forced to commence litigation against its own insurance carrier at a substantial cost to it.

21. The bad faith refusal to pay policy benefits on the part of the Defendant Brotherhood therefore entitled the Plaintiff to request and receive punitive damages in an amount in excess of $10,000.00.

### Count III
### Punitive Damages

22. The Plaintiff adopt and reallege the allegations of Count One and Two, Paragraphs 1 through 21, as if they were fully rewritten and fully set forth herein.

23. That Defendant's conduct was intentional, reckless, grossly negligent and malicious so as to warrant the award of exemplary or punitive damages. That Plaintiffs have been compelled to retain legal counsel, hire construction persons and professional loss adjustors, and file litigation in order to exact fair treatment from Defendant. That Defendant's conduct has resulted in Plaintiffs' home remaining in a substandard, vulnerable and completely unrepaired state which impairs the home's overall integrity. The amount sought in damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant Brotherhood for all allowable money damages, for actual damages for the breach of contract action, punitive damages, together with their costs, attorney fees, interest and all other relief allowed by law that this Court deems just and fair. Plaintiff respectfully reserves the right to amend its Petition for the purpose of asserting additional grounds for recovery and damages against

Defendant or other individuals/entities, including any additional and necessary Brotherhood corporate entity.

Respectfully submitted this 12th day of May, 2023,

Amber Peckio Garrett, OBA # 19908
AMBER LAW GROUP
2727 East 21st Street, Suite 100
Tulsa, Oklahoma 74114
P. (918) 895-7216
F. (918) 895-7217
amber@amberlawgroup.com
*Attorney For Plaintiff*